UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


BRANDI SCHULTZ,

                Plaintiff,

     v.

LEWIS & CLARK COLLEGE, an Oregon
domestic non-profit entity,

             Defendant.

Case No. 3:22-cv-00355-YY

OPINION AND ORDER


YOU, Magistrate Judge.

      Plaintiff Brandi Schultz brought suit against defendant Lewis & Clark College alleging breach of contract and violations of Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Plaintiff's complaint arises from her enrollment as a graduate student in defendant's Master of Arts in Art Therapy degree program. Defendant previously filed a motion for summary judgment, ECF 25, and the court dismissed all claims except for the breach of contract claim in a prior opinion and order. ECF 45. Thereafter, defendant filed a Motion for Leave to File Dispositive Motion (ECF 46) to raise additional arguments essential to fully addressing the breach of contract claim. The court granted the motion, ECF 50, and defendant filed a Second Motion for Summary Judgment. ECF 52. The motion has been fully briefed, and the court held a hearing at which the parties were given

further opportunity to argue and clarify their positions. After carefully considering the arguments of the parties, the court grants defendant's Second Motion for Summary Judgment (ECF 52) because plaintiff has failed to establish there is a genuine material issue of fact with respect to the element of damages.

## I.      Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact by citing to the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then "go beyond the pleadings" and identify in the evidentiary record "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Only disputes over facts that are outcome determinative preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, the dispute must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Where the nonmoving party offers only a "scintilla of evidence" or evidence that is "merely colorable" or "not significantly probative," summary judgment may be granted. *Id.* at 249, 252. There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

At summary judgment, the court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). The evidence of the nonmovant must be believed, and

all rational and reasonable inferences are drawn in the nonmoving party's favor. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

## II.    Damages

Damages are an essential element of a breach of contract claim. *See Moini v. Hewes*, 93 Or. App. 598, 603 (1988) (upholding judgment notwithstanding the verdict on breach of contract claim where there was no evidence of damages). "The injured party is allowed to recover those damages which are the direct natural and proximate result of the act of the defendant in wrongfully breaching the . . . agreement." *Buck v. Mueller*, 221 Or. 271, 279 (1960). "[N]oneconomic damages are generally not recoverable on a breach of contract claim." *Moser v. DKN Ind.*, 191 Or. App. 346, 349 (2004).

Here, plaintiff claims she was required to disclose her disability during one of her classes in the fall of 2019. The record on summary judgment shows that plaintiff received two As and two Bs in her classes that term. Thus, she did not receive any course grades lower than a C- or two course grades lower than a B-, which would "not be considered to be making satisfactory progress" and result in being "immediately withdrawn" from the program. Morgan Decl., Ex. 2 ("Academic Performance and Professional Conduct Policies") at 35, ECF 26-2. Plaintiff was ultimately terminated from the program, at least in part, because she received a C- in AT 570 and a C+ in AT 526 in the spring 2020 term, i.e., "[f]ailure to meet the requirements for satisfactory academic progress."[1] *See* Morgan Decl., Ex. 3 (Fletcher Dep.) 43:1-5, ECF 26-3. Additionally, it was necessary for plaintiff to receive a passing grade in AT 570 because it was a "required

---

[1] In the fall of 2018 and the spring and summer of 2019, plaintiff's grade point average fell below 3.0. Morgan Decl., Ex. 1 at 78, ECF 26-1. Maintaining at 3.0 grade point average was another academic requirement of the program. *Id.*, Ex. 2 at 35, ECF 26-2.

course for all art therapy students moving into their third year of the program." Andrus Decl., Ex. 2 at 4, ECF 29-2.

Plaintiff has offered no evidence showing there is a causal link between the requirement to disclose her disability during a single class in the fall term of 2019 and the unsatisfactory academic progress in the spring term of 2020 that resulted in her termination from the program. Without such evidence, plaintiff cannot establish that she suffered damages as the result of any purported breach of contract.

## III.    Defendant's Other Arguments

Defendant raises other potentially viable arguments in support of its motion for summary judgment. For example:

(1) Defendant has never agreed that plaintiff has a disability, and the letters that contain the word "confidential" only discuss accommodations. Otherwise stated, to the extent the letters contain a promise to keep information confidential, it pertains only to accommodations.

(2) To the extent defendant has expressed a commitment to follow the law, that does not establish any contractual promise to perform.

(3) Plaintiff disclosed her disability (and accommodations) to two classmates, thereby establishing she failed to perform under the terms of any contract that arguably exists.

While some or all of these arguments might be meritorious, it is unnecessary to reach them where plaintiff has failed to show there is a material issue of fact as to the damages element of her breach of contract claim.

//

//

//

**ORDER**

Defendant's Second Motion for Summary Judgment (ECF 52) is GRANTED and this case is dismissed with prejudice.

IT IS SO ORDERED.

DATED May 16, 2025.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge